**Michael J. GARZONI, Plaintiff–Appellant,**

v.

**Charles J. TAUNT, Chapter 7 Trustee, Defendant–Appellee.**

No. 01–1744.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 2003.

Before KRUPANSKY, CLAY, Circuit Judges, and GWIN, District Judge.*

KRUPANSKY, Circuit Judge.

In this bankruptcy case, the plaintiff-appellant Michael J. Garzoni ("Garzoni") has challenged the district court's approval of a bankruptcy court order authorizing the sale of a pre-petition lawsuit made by the former Chapter 7 Trustee, defendant-appellee Charles J. Taunt. Specifically, Garzoni sought to halt the sale of a state court action, styled *Garzoni v. K–Mart Corp., et al.*, case no. 00–023532, ("Garzoni Action"), by having the litigation declared exempt from the bankruptcy estate, contending that the Trustee had abandoned the litigation by filing a 'no asset report,' and by not objecting to Garzoni's exemption of the litigation within 30 days following the creditors' meeting.

From November, 1987 to December, 1992, K–Mart employed Garzoni as a real-estate associate. In December, 1992, K–Mart terminated Garzoni and, incident to their separation, the two parties concluded a mutual covenant not to sue and for full and complete release of liability. Under government indictment, in October 1996, Garzoni pled guilty to the interstate transportation of funds obtained through fraud, relating to his embezzlement of K–Mart funds, and was sentenced to 30 months in prison. Subsequent to Garzoni's incarceration, K–Mart filed several civil actions in state and federal courts. In response, and the subject matter of the instant appeal, Garzoni filed an independent action on October 4, 1999, in Michigan state court, alleging that K–Mart had breached its March 1993 release agreement. Garzoni sought $187,000,000 in damages and a restraining order against K–Mart to cease and desist all litigation against him.

Garzoni entered a voluntary petition for Chapter 7 bankruptcy relief in May, 2000. On the bankruptcy Schedules B and C, appellant listed the Garzoni Action as 'value unknown' with a market asset of $1.00, and claimed an exemption under 11 U.S.C. § 522(d)(5) for the litigation, also valuing it at $1.00. In a June 27, 2000 creditors meeting, convened by the Trustee, Garzoni emphasized that he was seeking specific performance in damages for K–Mart's breach of their mutual covenant. The Trustee then filed a 'no asset report' on

---

* The Honorable James S. Gwin. United States District Judge for the Northern District of Ohio, sitting by designation.

July 13, 2000, and the bankruptcy court entered an order of discharge concerning the Garzoni Action on September 27, 2000, even though the claim was still pending and the parties continued to litigate other issues.

During the discovery period of the pending litigation, K–Mart contacted the Trustee for a determination of whether the Garzoni Action was property of the estate. Upon review, the Trustee concluded that the litigation did belong to the estate, and on November 7, 2000, filed a Notice of Withdrawal of the "no asset report." K–Mart then entered negotiations with the Trustee for the purchase of the Garzoni Action, which it agreed to buy for $15,000, in cash. Garzoni's ex-wife also offered to purchase the litigation by paying the Trustee's costs to date and by reducing an alleged child support claim against the estate by $20,000. For his part, appellant maintained that the Trustee had abandoned the Garzoni Action due to his submission of the 'no asset report' and by failing to object to the listed exemption. The Trustee determined that K–Mart's cash offer was in the best interest of the estate and on November 16, 2000, filed a motion to authorize the sale of the Garzoni Action pending bankruptcy court approval.

The bankruptcy court held a hearing on December 14, 2000 and, in the face of separate objections filed by Garzoni and his ex-wife, the court granted the Trustee's motion, entering the order authorizing sale on December 18, 2000. The bankruptcy court found that the Trustee had not abandoned the litigation, that K–Mart was a good faith purchaser providing the best offer, that Garzoni was entitled to his claimed exemption of $1.00, and that Garzoni was barred from claiming any future interest in the litigation. On the same day that the bankruptcy court entered its order, Garzoni filed an emergency motion requesting the court to stay its order authorizing the sale of the Garzoni Action. Prior to the bankruptcy court's denial of his motion to stay on January 31, 2001, Garzoni also filed a similar emergency motion with the district court on January 4, 2001.[1]

Garzoni then initiated the instant cause before the district court alleging that the Trustee had abandoned the Garzoni Action as an asset of the estate when he filed the no asset report, and that the litigation did not belong to the estate because the Trustee did not object to the stated exemption. In its well-reasoned order, entered April 6, 2001, the district court thoroughly reviewed the record and succinctly addressed the pertinent legal issues. Finding that Garzoni's appeal was not moot, the district court addressed the merits of his claims, in upholding the bankruptcy court's authorization of the sale. The court concluded that the Trustee did not relinquish the Garzoni Action because the necessary predicate had not occurred: he had neither held a hearing on the issue, nor was the case closed. Further, the court determined that Garzoni had, indeed, exempted the purchased litigation for a value of $1.00, with the remaining value belonging to the estate.

This court has reviewed with deliberate care the district court's decision, the record below, the briefs and arguments of both parties, and the controlling legal authorities, and concludes the district court's

1. Considering that Garzoni's motion for stay was predicated on the same legal grounds as his appeal, the district court reviewed the issues and arguments as proffered in the appeal rather than the motion. Consequently, because the district court affirmed the order of the bankruptcy court approving the sale. Garzoni's motion for a stay was denied as moot.

order affirming the sale of the Garzoni Action was correct and the appellant's assignments of error were each legally inadequate. Accordingly, this court hereby adopts the opinion of the district court entered April 6, 2001, and affirms the bankruptcy court's sale of the Garzoni Action.